UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID BRILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:17-cv-510 |
| | ) |
| GOVERNMENT EMPLOYEES | ) |
| INSURANCE COMPANY., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, David Brill ("Brill"), by counsel, brings this action against Defendant, Government Employees Insurance Company ("Defendant"), and shows as follows:

**OVERVIEW**

1. This is an employment discrimination action (disability) brought by Brill against Defendant alleging that he was discriminated against because of one or more of his disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

**PARTIES**

2. At all relevant times Brill lived in the Southern District of Indiana.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Brill, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Brill is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Brill properly exhausted his administrative remedies when he timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability. A notice of suit rights, and Brill now brings this Complaint within ninety (90) days of receipt thereof.

**FACTUAL ALLEGATIONS**

8. Brill began his employment with Defendant on or about March 24, 2014. He worked in Defendant's Management Development Program ("MDP").

9. Brill suffered a seizure and stroke in January 2016. He took a medical leave beginning in January 2016. He returned to work on or about February 8, 2016. Brill was required to attend speech therapy once per week and physical therapy twice a week.

10. Just prior to taking this leave, Brill rotateD into a position as a transition coach. Transition coaches are responsible for mentoring new employees during their transition from the classroom to full-fledged insurance agents.

11. Defendant's Indianapolis call center is open from 6:00 a.m. to 1 a.m. Prior to his seizure, Brill worked a shift from approximately 12:30 p.m. until 9:30 p.m.

12. When Brill returned from medical leave, his position was filled by someone else. However, Brill had been told the week of February 1st that he would return to his prior position.

Relying upon this information, Brill scheduled his therapy around his work obligations. Thereafter, late on February 5, 2016, Brill received a call and was told he would be moving to a new shift – one that conflicted with his now scheduled therapy.

13. Brill was unable to work with a team in the morning because of his therapy. These appointments required him to attend therapy in the mornings three days per week.

14. Defendant contends that it would have given Brill any open available as an accommodation for his medical treatments. However, Brill's former position was filled the day or week before he returned on February 8, 2016. Moreover, there was a new team transitioning from the classroom to full-fledged sales agents consistent with Brill's former scheduled, and Defendant denied Brill the opportunity to work with this group.

15. As a result of Defendant's failure to accommodate Brill, Brill was unable to perform his duties due to ongoing medical treatments. The result forced Brill on to disability until such time as his treatment was concluded. Brill could have performed his position in the MDP if Defendant had afforded him a reasonable accommodation.

16. Defendant does not dispute that Brill was disabled.

17. Brill contends that Defendant did not fully participate in the interactive process as it did not consider or provide Brill a reasonable accommodation or accommodations it had available.

18. Brill has been harmed by Defendant's conduct.

## **VIOLATIONS OF THE ADA**

19. Brill incorporates by reference paragraphs one (1) through eighteen.

20. Brill was denied at least two reasonable accommodations that Defendant had available and could have provided him.

21. Defendant failed to engage in the interactive process.

22. Defendant discriminated against Brill by removing him from his position and failing to accommodate him because of his disability.

23. Brill has been harmed by Defendant's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, David Brill, respectfully demands judgment against Defendant in his favor and requests that the Court grant the following relief:

a) An Order awarding Brill the wages he lost and the value of any benefits he may have lost as a result of Defendant's failure to accommodate him;

b) An Order awarding Brill compensatory and punitive damages for an intentional violation of his rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues deemed triable.

                                        Respectfully submitted,

                                        <u>s/ Christopher S. Wolcott</u>
                                        Christopher S. Wolcott (#23259-32)

                                        The Wolcott Law Firm LLC
                                        450 East 96th Street, Suite 500
                                        Indianapolis, Indiana 46240
                                        Telephone:   (317) 500-0700
                                        Facsimile:    (317) 732-1196
                                        E-Mail:   indy2buck@hotmail.com

                                        Attorney for Plaintiff